UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OSCAR OVIDIO DUBON VASQUEZ,

*Plaintiff,*

v.

SPAIN INN, INC., et al.,

*Defendants.*

Civil Action No. 19-452

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or to Schedule a Hearing to Disqualify Counsel.[1] D.E. 9. Plaintiff filed a brief in opposition to Defendants' motion.[2] D.E. 12. The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

---

[1] Defendants in this matter are Spain Inn, Inc. ("Spain Inn"), Luis Rodriquez and Jose Rodriguez. Am. Compl. ¶¶ 11, 15-16, D.E. 5.

[2] Defendants' brief in support of their motion (D.E. 9-1) will be referred to as "Defs. Br." and Plaintiff's brief in opposition (D.E. 12) will be referred to as "Plf. Opp."

## I. FACTUAL[3] & PROCEDURAL BACKGROUND

Plaintiff was employed by Defendants as a kitchen cook from approximately June 2011 through June 2017. Am. Compl. ¶ 9. Defendant Spain Inn is a restaurant located in Piscataway, New Jersey, and Defendants Luis and Jose Rodriguez are the "owners, partners, officers and/or managers" of the Spain Inn. *Id.* ¶¶ 11, 16. Plaintiff alleges that while employed by Defendants, Plaintiff was paid approximately $300 per week, regardless of the number of hours he worked. Plaintiff further alleges that he routinely worked six days a week and worked eleven to twelve-hour shifts, which included a one-hour meal break. *Id.* ¶¶ 23-25. Thus, Plaintiff typically worked about sixty-three hours per week. *Id.* ¶ 26. Plaintiff also alleges that he was a "non-exempt" employee. *Id.* ¶ 9.

Plaintiff filed a Collective Action Complaint on January 14, 2019 on behalf of himself and other similarly situated kitchen employees alleging that Defendants failed to pay overtime and minimum wage in violation of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). D.E. 1. On February 20, 2019, Defendants filed a motion to dismiss the Complaint. D.E. 4. Plaintiff subsequently filed his Amended Complaint on March 3, 2011, asserting claims for (1) FLSA and NJWHL violations as a result of Defendants' failure to pay overtime (Counts One and Two); and (2) a failure to pay minimum wage in violation of the FLSA and NJWHL (Counts Three and Four). D.E. 5. On May 16, 2019, Defendants answered the Amended Complaint, D.E. 8, and filed the instant motion to dismiss on May 17, 2019, D.E. 9.

## II. STANDARD OF REVIEW

Defendants seek to dismiss the Complaint, in its entirety, pursuant to Rule 12(b)(6). A

---

[3] The Court draws the following facts from Plaintiff's Amended Complaint (D.E. 5), which are taken as true for the purposes of the current motion. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

2

Rule 12(b) motion must be filed before a responsive pleading. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). A Rule 12(c) motion for judgment on the pleadings, however, may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c). In addition, Rule 12(h) provides that the defense of failure to state a claim may be raised through a Rule 12(c) motion for judgment on the pleadings or a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(h). Courts apply the same standard when analyzing the defense of failure to state a claim for a Rule 12(b)(6) motion and a Rule 12(c) motion. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).

Here, Defendants answered the Amended Complaint before filing their Rule 12(b)(6) motion. As a result, Defendants' motion is procedurally improper. But because Defendants could simply re-file the instant motion as a Rule 12(c) motion and because a Rule 12(c) motion for failure to state a claim is reviewed under the same standard as a Rule 12(b)(6) motion, the Court will construe Defendants' motion as having been filed pursuant to Rule 12(c). *See, e.g., Rivera v. Camden Bd. of Educ.*, 634 F. Supp. 2d 486, 488 (D.N.J. 2009) (construing motion to dismiss filed after answer as a Rule 12(c) motion).

To withstand a Rule 12(c) motion for judgment on the pleadings for failure to state a claim, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, a court must "accept all well-pleaded factual allegations . . . as true and draw all reasonable inferences in favor of the nonmoving party." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406. A court, however, is "not compelled to accept

unwarranted inferences, unsupported conclusions[,] or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). As such, a Rule 12(c) motion should not be granted "unless it appears beyond doubt that the facts alleged in the complaint, even if true, fail to support the claim." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406.

## III. ANALYSIS

The FLSA generally requires employers to pay their employees minimum wage, in addition to overtime compensation for an employee's work that is in excess of forty hours per week. 29 U.S.C. §§ 206, 207. The NJWHL mirrors its federal counterpart and "judicial interpretations construing the FLSA are applicable." *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010). Thus, the Court considers Plaintiff's FLSA and NJWHL claims together.

Defendants argue, among other things, that Plaintiff fails to plead sufficient facts to support his failure to pay overtime claims. Defs. Br. at 3-4. To recover overtime compensation under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). To state a plausible FLSA claim, "a plaintiff must sufficiently allege forty hours of work in a *given* workweek *as well as* some uncompensated time in excess of the forty hours." *Id.* at 242 (emphasis in original) (internal punctuation omitted) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). In adopting this standard, the Third Circuit rejected a stricter approach taken by some courts that requires a plaintiff to allege the number of overtime hours worked. *Id.* at 241. Thus, at the motion

to dismiss stage, "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice." *Id.* at 243. Here, Plaintiff alleges that he routinely worked ten or eleven hour shifts six days a week. Am. Compl. ¶¶ 24-25. Thus, Plaintiff maintains that he worked approximately sixty-three hours per week. *Id.* ¶ 26. These allegations clearly satisfy the pleading requirements set forth in *Davis*.[4]

Defendants also argue that the Amended Complaint should be dismissed because Plaintiff fails to sufficiently plead that there was a company-wide policy that required employees to remain of the premises during lunch or other breaks. Defs. Br. at 4-5. Plaintiff candidly admits that the Amended Complaint does not contain facts regarding such a company policy, because one did not exist. Plf. Br. at 3. But a plaintiff need not plead that such a policy existed to state a viable FLSA claim. As discussed, a plaintiff need only plead that a defendant failed to pay an employee overtime or minimum wage to state an FLSA claim. *Davis*, 765 F.3d at 241. The employer's underlying reason for failing to comply with the FLSA is irrelevant.

In addition, Defendants maintain that this Court should apply a heightened standard of pleading to ensure that "essential facts of company policy be pleaded" before a case is conditionally certified. Defs. Br. at 5. The FLSA permits an individual to bring a collective action

---

[4] Defendants argue that this Court should permit Defendants to submit factual affidavits, presumably to provide the Court with conflicting facts, and then convert this motion to dismiss into a motion for summary judgment. Defs. Br. at 4. If matters outside the pleading are presented on a motion to dismiss, and are considered by the court, the motion must be treated as a motion for summary judgment under Rule 56, and all parties must be given an opportunity to present all pertinent material. Fed. R. Civ. P. 12(d). Defendants have not provided the Court with any documents like timecards or paychecks that even suggest that Plaintiff was paid appropriate wages. In addition, the fact that three other employees have asserted similar claims individually in other cases, and that those cases have settled, does not mean that the instant suit is frivolous. Therefore, the Court will not convert this motion into a motion for summary judgment.

suit against an employer on behalf of himself and "similarly situated" employees. 29 U.S.C. § 216(b). The Third Circuit follows a two-step process for deciding whether a case may proceed as an FLSA collective action. *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016). In the first step, a court must determine whether plaintiffs make "'a modest factual showing' . . . to demonstrate a factual nexus between the manner in which the employer's alleged policy affect him or her and the manner in which it affected the proposed collective action members." *Id.* (quoting *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012)). If a plaintiff satisfies this burden, "the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Maddy v. Gen. Elec. Co.*, 59 F. Supp. 3d 675, 681 (D.N.J. 2014) (quoting *Zavala*, 691 F.3d at 536). The determination of whether a court should conditionally certify a collective action is distinct from whether the collective action claims are adequately pled under Rule 12(b)(6). Further, a court usually considers conditional certification after the parties have engaged in limited discovery. *See, e.g., Goodman v. Burlington Coat Factory*, No. 11-4395, 2012 WL 5944000, at *1-2 (D.N.J. Nov. 20, 2012).

Defendants provide no legal support for their argument that there is a heightened pleadings standard for collective action allegations, and the Court is not aware of any such standard. *See, e.g., Naider v. A-1 Limousine, Inc.*, No. 14-2212, 2014 WL 5025921, at *1-2 (D.N.J. Oct. 8, 2014) (applying Rule 12(b)(6) plausibility standard to the defendant's motion to dismiss the collective action allegations). Here, Plaintiff pleads that other kitchen workers at the Spain Inn were subject to the same policies that resulted in Defendants' alleged failure to pay minimum wage and overtime. Am. Compl. ¶¶ 18-20, 32-33. These allegations are sufficient to plausibly plead FLSA collective action allegations. Accordingly, Defendants' motion to dismiss is denied on these

grounds.

Finally, Defendant contends that Plaintiff cannot recover for unpaid overtime or minimum wage violations that occurred before January 14, 2016 because they are barred by the statute of limitations. Defs. Br. at 7-8. The Court agrees. If there is no finding of willfulness, a claim for unpaid overtime compensation under the FLSA must be "commenced within two years after the cause of action accrued."[5] 29 U.S.C. § 255(a). Claims brought pursuant to the NJWHL must also be filed within two years of the date of accrual.[6] *Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-6828, 2012 WL 715316, at *3 (D.N.J. Mar. 5, 2012) (explaining that NJWHL claims are subject to a two-year statute of limitations and there is "no reason to distinguish between the accrual of claims . . . under the FLSA and . . . the NJWHL"). "A cause of action under FLSA 'accrues'

---

[5] If an employer willfully violates the FLSA it "extends the FLSA's limitations period from two years to three, bringing another year of lost pay within the scope of the worker's claim." *Souryavong v. Lackawanna County*, 872 F.3d 122, 126 (3d Cir. 2017) (citing 29 U.S.C. § 255(a)). Although neither party addressed this issue, it does not appear to the Court that Plaintiff pled any facts that could support a finding of willfulness here. Moreover, Plaintiff did not oppose Defendants' arguments regarding application of the two-year statute of limitations. As a result, the Court will apply the two-year statute of limitations. This conclusion, however, does not foreclose Plaintiff's right to amend his complaint, pursuant to Rule 15(a), to plead additional facts regarding Defendants' willfulness at a later date.

[6] On August 6, 2019, after Plaintiff filed his Compliant and this motion was fully briefed, the statute of limitations to recover unpaid overtime compensation under the NJWHL was extended from two to six years. 2019 N.J. Sess. Law Serv. Ch. 212 (West 2019). In most cases, courts "have long followed a general rule of statutory construction that favors prospective application of statutes." *Cruz v. Cent. Jersey Landscaping*, 195 N.J. 33, 45 (2008)). A statute is given retroactive effect only (1) where the Legislature has declared such an intent, either explicitly or implicitly, (2) "when an amendment is curative, or (3) when the expectations of the parties so warrant." *Id.* at 46 (internal citations omitted). The NJWHL amendment states that except for one section, not at issue here, "[t]his act shall take effect immediately." 2019 N.J. Sess. Law Serv. Ch. 212 (West 2019). Thus, there is no legislative indication that the statute of limitations extension should apply retroactively. In addition, the amendment is not curative. *See Botis v. Estate of Kudrick*, 421 N.J. Super. 107, 118 (App. Div. 2011) (explaining that an amendment is curative "if it is designed merely to carry out or explain the intent of the original statute"). Finally, no party indicated that it anticipated this change to the statute of limitations or expected the amendment to retroactively apply. Thus, the two-year limitations period applies to Plaintiff's NJWHL claims.

whenever the employer fails to pay the required compensation for any particular workweek." *Griffin v. Dept. of Human Servs.*, No. 18-14697, 2019 WL 3369783, at *6 (D.N.J. July 26, 2019) (quoting *Pignataro v. Port Auth. of N.Y. & N.J.*, No. 04-1767, 2008 WL 2625356, at *2 (D.N.J. June 27, 2008)).

Plaintiff filed his Complaint on January 14, 2019. D.E. 1. As a result, Plaintiff cannot recover any overtime or minimum wages that Defendants failed to pay before January 14, 2017 because these claims are time barred.[7] Accordingly, Plaintiff's claims prior to January 14, 2017 are dismissed. In the alternative, Plaintiff is granted to leave to amend his complaint to assert facts as to any Defendants' willfulness.

## IV. MOTION TO DISQUALIFY COUNSEL

Defendants also argue that this Court should conduct a hearing as to whether Plaintiff's counsel improperly solicited Plaintiff after obtaining his name through discovery in prior litigation. Defs. Br. at 6-7. Local Civil Rule 103.1(a) provides that "[t]he Rules of Professional Conduct ("RPC") of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court." L. Civ. R. 103.1(a). RPC 7.3 sets forth the requirements for an attorney's contact with prospective clients. Specifically, RPC 7.3 states that a lawyer may initiate personal contact with a prospective client unless certain enumerated circumstances exist. RPC 7.3(b).

Plaintiff's counsel filed similar complaints on behalf of three other Spain Inn employees. Compl. ¶¶ 27-29. Defendants presume that Plaintiff's attorney obtained Plaintiff's name through

---

[7] Generally, the statute of limitations is not an appropriate basis for a Rule 12(b)(6) dismissal. But there is an exception when, as here, "the plaintiff's tardiness in bringing the action [is] apparent from the face of the complaint." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 105 n.13 (3d Cir. 2010) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002)).

discovery in one of these similar matters. Defendants, however, fail to provide any facts to support their argument that Plaintiff's counsel improperly obtained Plaintiff's name or contacted Plaintiff in a manner that violated RPC 7.3. As a result, Defendants' motion for a hearing to disqualify counsel is denied at this time.

### V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (D.E. 9) is granted as to their arguments pertaining to the statute of limitations. Plaintiff's claims are dismissed, without prejudice, to the extent that they seek to recover unpaid wages prior to January 14, 2017. Defendants' motion to dismiss is otherwise **DENIED**. Defendants' motion to schedule a disqualification hearing is also **DENIED**. An appropriate Order accompanies this Opinion.

Dated: October 17, 2019

_____
**John Michael Vazquez, U.S.D.J.**